UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Lambert, | |
|     Plaintiff, | 2:14-cv-00521-JWS |
| vs. | ORDER AND OPINION |
| Liberty Mutual Fire Insurance Company; Elitha Stockett, | [Re: Motion at Docket 29] |
|     Defendants. | |

## I.  MOTION PRESENTED

At docket 29, defendant Elitha Stockett moves pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing plaintiff Scott Lambert's claims against her. Lambert responds at docket 31. Stockett filed a reply at docket 32. Oral argument was heard on September 25, 2014.

## II.  BACKGROUND

Lambert submitted a workers' compensation claim to defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual"). Stockett was the Liberty Mutual claims adjuster assigned to Lambert's claim. According to Lambert, Stockett denied or unreasonably delayed his workers' compensation benefits without conducting an adequate investigation and without a reasonable basis. Lambert's complaint includes

three counts: first, that Liberty Mutual breached the implied duty of good faith and fair dealing; second, that Stockett aided and abetted Liberty Mutual's breach; and third, for punitive damages.

Lambert's first claim generally alleges that Liberty Mutual breached its duty of good faith and fair dealing by "refusing to properly investigate and effectively denying [Lambert] necessary medical care and other benefits, without any reasonable basis to do so."[1] He lists the following nine specific acts performed by Liberty Mutual that comprise this breach: (1) intentionally denying benefits without a reasonable basis; (2) knowingly denying benefits without a reasonable basis; (3) terminating benefits without first performing an adequate and reasonable investigation; (4) unreasonably interpreting its obligations under the Arizona Workers' Compensation Act; (5) abusing Arizona Industrial Commission procedures; (6) unnecessarily compelling Lambert to pursue litigation to receive his benefits; (7) inappropriately "[d]elaying, decreasing, and denying" Lambert's benefits; (8) failing to adopt and implement reasonable standards for investigating and evaluating benefits due to Lambert; and (9) placing its own financial interests above Lambert's.[2]

Lambert's second claim alleges that Stockett substantially assisted or encouraged Liberty Mutual's breach by filing a Notice of Claim Status with the Arizona Industrial Commission without a reasonable basis, "which created the direct result of ceasing and denying further medical and income benefits to Mr. Lambert."[3]

Stockett now moves for dismissal of count two in its entirety and count three as it relates to her.

---

[1] Doc. 1 at 6 ¶ 16.

[2] *Id*. at 7 ¶¶ 17(a)–(g).

[3] *Id*. at 4 ¶ 9.  *See also id*. at 8 ¶ 23 ("Ms. Stockett knew that, after an adequate investigation, Mr. Lambert's claim was not fairly debatable, that Liberty Mutual delayed and denied Mr. Lambert's claim without any reasonable basis, and that Liberty Mutual knew or recklessly disregarded this lack of a reasonable basis to delay and deny Plaintiff's claim.").

### III. STANDARD OF REVIEW

Rule 12(b)(6), tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[4] To be assumed true, the allegations, "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[5] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[6] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[7]

To avoid dismissal, a plaintiff must plead facts sufficient to "'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[10] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility

---

[4] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[5] *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

[6] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[7] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *Id.*

[10] *Id.* (citing *Twombly*, 550 U.S. at 556).

of entitlement to relief.'"[11] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[12]

## IV.  DISCUSSION

### A.  Aiding and Abetting

"Arizona recognizes aiding and abetting as embodied in [the Restatement (Second) of Torts] § 876(b), that a person who aids and abets a tortfeasor is himself liable for the resulting harm to a third person."[13] An aiding and abetting claim requires the plaintiff to prove three elements: (1) the primary tortfeasor committed a tort that injured the plaintiff; (2) the secondary tortfeasor defendant knew that the primary tortfeasor's conduct was a breach of its duty; and (3) the secondary tortfeasor substantially assisted or encouraged the primary tortfeasor in the achievement of the breach.[14] Stockett argues that she is not liable for aiding and abetting her employer based on two general principles of agency law. First, she cites the doctrine of respondeat superior, under which employers are vicariously liable for their employees' torts if the employees were acting within the scope of their employment.[15] Second, Stockett cites the well-established rule that employers are vicariously liable for their agents' torts if the agents were performing the employers' non-delegable duties, even if

---

[11]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[12]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr*, 652 F.3d at 1216.

[13]*Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 23 (Ariz. 2002).

[14]*Id*. Restatement (Second) of Torts § 876(b) states that an individual is subject to liability for harm resulting to a third person from another's tortious conduct if he "knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself."

[15]*See Wiggs v. City of Phoenix*, 10 P.3d 625, 627 (Ariz. 2000).

the agents were not employees.[16] Lambert responds by correctly noting that "an agent will not be excused from responsibility for tortious conduct [merely] because he is acting for his principal."[17] These authorities are unilluminating, however, because the question presented here is not whether either an employer or an employee may be subject to *liability* for the employee's torts, it is whether an employee can commit the tort of aiding and abetting her employer's bad faith if both alleged torts are based on the same acts.

Stockett argues that the non-delegable nature of an insurer's duty of good faith renders it impossible for an adjuster to aid and abet her employer's breach as a matter of law.[18] This too misses the mark. The non-delegable nature of an insurer's duty has no bearing on an aiding and abetting claim against an adjuster because that claim does not accuse the adjuster "of violating the non-delegable duty of good faith, but rather of the separate tort of aiding and abetting that violation."[19] Yet, whether an Arizona court would recognize such a tort remains unclear.

Although federal courts in this district have consistently held that Arizona law would permit a claim against an adjuster for aiding and abetting her employer's bad faith,[20] no conclusive Arizona case law exists.[21] Further, *Bennett v. Insurance Company*

---

[16]*Id.* See also Restatement (Third) Of Agency § 7.01 (2006) ("An agent is subject to liability to a third party harmed by the agent's tortious conduct. Unless an applicable statute provides otherwise, an actor remains subject to liability although the actor acts as an agent or an employee, with actual or apparent authority, or within the scope of employment.").

[17]Doc. 31 at 4 (quoting *Warner v. Sw. Desert Images, LLC*, 180 P.3d 986, 992 (Ariz. Ct. App. 2008)).

[18]Doc. 29 at 5-8.

[19]*Haney v. ACE Am. Ins. Co.,* No. CV-13-02429-PHX-DGC, 2014 WL 1230503, at *4 (D. Ariz. Mar. 25, 2014).

[20]*See Nieto v. New Hampshire Insurance Co.,* No. CV-14-01092-SRB, at 3 (D. Ariz. Sept. 8, 2014) (Bolton, J.) ("An insurance adjuster can aid and abet an insurance company's bad faith denial of a claim . . . .") (citations omitted); *Temple v. Hartford Ins. Co. of Midwest*, No. CV-12-2357-PHX-SMM, 2014 WL 4207744, at *13 (D. Ariz. Aug. 26, 2014) *(*McNamee, J.); *Haney v. ACE Am. Ins. Co.,* No. CV-13-02429-PHX-DGC, 2014 WL 1230503, at *4 (D. Ariz. Mar. 25, 2014) (Campbell, J.); *Miller v. York Risk Servs. Grp.*, No. 2:13-cv-1419-JWS, 2013 WL

*of State of Pennsylvania*, an unpublished opinion from the Court of Appeals of Arizona, holds that such a claim is not viable.[22] There is no need to reach this question here, however, because even if Arizona law would recognize the tort, Lambert has failed to state a claim.

Assuming that "an adjuster may be liable for aiding and abetting a violation of the duty of good faith and fair dealing, [the plaintiff] must still show the elements of *a separate tort* by the adjuster."[23] Thus, the plaintiff must not only allege actions that

---

6442764, at *5 (D. Ariz. Dec. 9, 2013) (Sedwick, J.); *Inman v. Wesco Ins. Co.*, No. CV-12-02518-PHX-GMS, 2013 WL 2635603, at *4 (D. Ariz. June 12, 2013) (Snow, J.); *Pimal Prop., Inc. v. Capital Ins. Grp., Inc.*, No. CV-11-02323-PHX-DGC, 2012 WL 608392, at *6–7 (D. Ariz. Feb. 27, 2012) (Campbell, J.); *Morrow v. Boston Mut. Life Ins. Co.*, No. CIV. 06-2635-PHX-SMM, 2007 WL 3287585, at *6 (D. Ariz. Nov. 5, 2007) (McNamee, J.).

[21]*See Demott v. LM Ins. Co.*, No. 3:14-CV-0867-G, at 11 (N.D. Tex. July 24, 2014) (Fish, J.) (order granting motion to remand) ("Given the unsettled nature of the tort of aiding and abetting in the insurance context in Arizona courts . . . ."); *51 Bells Limited Partnership v. Farm Bureau Property & Casualty Ins. Co.*, No. 2:12–CV–01919–SLG, at 9 (D. Ariz. Feb. 1, 2013) (Gleason, J.) (order granting motion to remand) ("While the Court is not persuaded that such a tort would be recognized in Arizona, there is no state case directly on point.").

[22]No. 1 CA-CV 10-0815, 2012 WL 424913, at *8 (Ariz. Ct. App. Feb. 9, 2012) (citing *Perry v. Apache Junction Elementary Sch. Dist. No. 43 Bd. of Trustees*, 514 P.2d 514, 517 (Ariz. Ct. App. 1973) (conspiracy case where the court adopted the holding from *Wise v. S. Pac. Co.*, 35 Cal.Rptr. 652, 665 (Cal. Dist. Ct. App. 1963), that "agents and employees of a corporation cannot conspire with their corporate principal or employer when acting in their official capacities on behalf of the corporation and not as individuals for their individual advantage.")). *See also Janken v. GM Hughes Electronics*, 53 Cal. Rptr. 2d 741, 755 (Cal. Ct. App. 1996) ("[S]ince a corporation can act only through its employees, the element of concert is missing in the "aiding and abetting" context just as in the conspiracy context."), *approved of in Reno v. Baird*, 957 P.2d 1333, 1343 (Cal. 1998).

[23]*Haney*, 2014 WL 1230503, at *4 (citing *Wells Fargo Bank*, 38 P.3d at 23) (emphasis added). *See also Nieto*, No. CV-14-01092-SRB, at 3 (holding that an adjuster can only aid and abet an insurer's bad faith denial of a claim if "the adjuster's actions were different from the actions underlying the insurer's bad faith."); *Ortiz v. Zurich Am. Ins. Co.*, No. CV-13-02097-JAT, 2014 WL 1410433, at *3 (D. Ariz. Apr. 11, 2014) (Teilborg, J.) ("Because Plaintiff alleges the same actions give rise to both the bad faith claim and the aiding and abetting claim, Plaintiff has failed to state a claim against Sedgwick or Thompson."); *Jones v. Colorado Cas. Ins. Co.*, No. CV-12-1968-JAT, 2013 WL 4759260, at *5 (D. Ariz. Sept. 4, 2013) (Teilborg, J.) ("Because Plaintiff's claim for breach of the duty of good faith and fair dealing is based entirely on Spratta's conduct—not Colorado Casualty's—Spratta could not have known that the primary tortfeasor's conduct constituted a breach of duty. Spratta could not have known about conduct

constitute a breach of the insurer's duty, but also separate actions performed by the adjuster that substantially assisted or encouraged the breach.  If the alleged actions that constitute the breach are exactly the same as those that constitute the adjuster's assistance or encouragement, the plaintiff has failed to state an aiding and abetting claim.

Here, Stockett's only alleged action was her filing a Notice of Claim Status with the Arizona Industrial Commission without a reasonable basis and without first conducting an adequate investigation.  This action did not merely assist or encourage a breach; it was a breach by itself.  Lambert fails to state a claim for aiding and abetting because he fails to allege that Stockett's conduct substantially assisted or encouraged another tortfeasor's conduct.[24]

**B.    Punitive Damages**

Lambert's failure to state an aiding and abetting claim is fatal to his request for punitive damages against Stockett related to that claim.

### V.  CONCLUSION

Based on the preceding discussion, Stockett's motion to dismiss at docket 29 is GRANTED.  Lambert's claims against Stockett are DISMISSED.

DATED this 23rd day of October, 2014.

                    /s/
                JOHN W. SEDWICK
                UNITED STATES DISTRICT JUDGE

---

that did not exist."); *Young v. Liberty Mut. Grp., Inc.*, CV-12-2302-JAT, 2013 WL 840618, at *4 (D. Ariz. Mar. 6, 2013) (Teilborg, J.) (same).

[24] *See Bennett*, 2012 WL 424913, at *8 ("[T]he Bennetts' bad faith claim is founded entirely on the conduct of [the adjuster], not [the insurer], and thus [the adjuster] could not 'know that the primary tortfeasor's conduct constitute[d] a breach of duty.'") (quoting *Wells Fargo*, 38 P.3d at 23); *Ortiz*, 2014 WL 1410433, at *3.