UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| SCOTT LAMBERT, | ) |
| Plaintiff, | ) 2:14-CV-00521 JWS |
| vs. | ) ORDER |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY; ELITHA STOCKETT, | ) [Re: Motion at docket 136] |
| Defendants. | ) |

## I. MOTION PRESENTED

Defendant Liberty Mutual Fire Insurance Company ("Defendant") filed a motion *in limine* at docket 136 requesting that Plaintiff Scott Lambert ("Plaintiff") be precluded from presenting expert testimony from various health care providers based on his failure to comply with the disclosure requirements in Rule 26(a)(2)(C). Plaintiff filed his response at docket 155. Defendant did not file a reply. Oral argument was not requested and would not be of assistance to the court.

## II. BACKGROUND

Plaintiff's expert disclosure statement identifies two health care providers that he plans to use as non-retained expert witnesses—Dr. Sumit Dewanjee and Dr. Paul Mahoney—and for each of these two providers he includes an individual disclosure statement. Plaintiff then proceeds to set forth an additional list of health care providers

who may testify. He states that these health care providers have not been specially retained but are percipient medical witnesses who treated him for his injuries. He does not provide an individual disclosure statement for each provider listed but generally states that each "may be called to testify (or provide expert evidence through his/her records) as to his/her findings and opinions concerning [Plaintiff's] injuries, the cause of his injuries, and the impact of Defendant's wrongful denial of benefits on [Plaintiff's] health, final prognosis and future earnings ability."[1] Defendant argues that the disclosure summary as to these listed health care providers does not comply with the requirements of Rule 26(a)(2)(C). Because of this non-compliance, Defendant requests that the following providers be excluded from providing expert testimony: representatives of STI Physical Therapy; representatives of Back in Action Physical Therapy; Dr. Martin Benoit, representatives of Sonora Quest Laboratorie; Basec Medical Consult Services Inc.; Dr. Greg Allen; Dr. Navtej Tung; Ms. Ann Voght PA; Dr. Kent Vosler; Ms. Geneva Smith PA; Dr. Gary DeBrino; Dr. Laura Bitterman; Dr. Christopher Wie; Ms. Michele Abrose PT; Dr. Patrick Knowles; and Cathy Guinan MP ("Percipient Medical Witnesses").[2]

### III. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure requires a party to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[3] The purpose of the expert disclosure requirement is to allow the opposing party an opportunity to prepare for cross-examination and arrange for countering expert testimony.[4] Rule 26 contemplates two types of experts: (1) those

---

[1] See doc. 136-1 at pp. 31-35.

[2] The adequacy of Plaintiff's disclosure as to Dr. Dewanjee and Dr. Mahoney is the subject of a separate motion *in limine* and is not addressed in this order.

[3] Fed. R. Civ. P. 26(a)(2)(A).

[4] See Fed. R. Civ. P. 26(a)(2) advisory committee's notes to 1993 amendment.

"retained or specially employed" to give expert testimony; and (2) those who are not retained or specially employed, but who may nevertheless provide expert testimony.[5] That is, the rules recognize "the difference between a percipient witness who happens to be an expert and an expert who, without prior knowledge of the facts giving rise to the litigation, is recruited to provide expert opinion testimony."[6] A retained or specially employed expert is required to provide a detailed written expert report in accordance with Rule 26(a)(2)(B). Percipient expert witnesses who are exempt from the written report requirement must still provide a statement in accordance with Rule 26(a)(2)(C). The disclosure statement must set forth both the subject matter of the expert testimony and "a summary of the facts and opinions to which the witness is expected to testify."[7]

Generally, treating physicians are not retained or employed to provide expert testimony because they are percipient witnesses of the treatment rendered. As such, a treating physician does not need to provide a detailed written report under Rule 26(a)(2)(B) as long as his or her expert opinion is formed during the course of treatment.[8] "Nonetheless, if a treating physician is to testify as an expert, as opposed to a fact witness, he or she must be disclosed [in accordance with] Rule 26(a)(2)(C)."[9] As stated above, the disclosure must state the subject matter of the testimony and provide a summary of the facts and opinions that the physician is expected to provide. The summary does not require "undue detail."[10] However, it must still "sufficiently

---

[5] Fed. R. Civ. P. 26(a)(2)(B)-(C).

[6] *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011).

[7] Fed. R. Civ. P. 26(a)(2)(C).

[8] *Goodman v. Staples the Office Superstore LLC*, 644 F.3d 817, 826 (9th Cir. 2011).

[9] *Jones v. Colo. Cas. Ins. Co.*, No. 12-cv-01968, 2015 WL 6123125, at * 2 (D. Ariz. Oct. 19, 2015).

[10] *See* Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment.

apprise an opposing party of a treating physician's opinions."[11] District courts have concluded that it is not sufficient under Rule 26(a)(2)(C) to simply state that the physician will testify consistent with medical records.[12]

Here, Plaintiff has indicated that the Percipient Medical Witnesses will offer expert opinions as to the extent of Plaintiff's injuries, the cause of injuries, and the impact of Defendant's denial of benefits on Plaintiff's health and future earning ability. Defendants acknowledge that these Percipient Medical Witnesses are not retained experts and are otherwise not required to comply with the more stringent requirements of Rule 26(a)(2)(B). Indeed, Plaintiff asserts that the Percipient Medical Witnesses will testify only as to their opinions formed during treatment.[13] However, that does not end the inquiry. As discussed above, in order to elicit expert opinions from the Percipient Medical Witnesses, even if they will not expand beyond opinions formed during the course of their treatment, Plaintiff must provide a disclosure that comports with Rule 26(a)(2)(C). Plaintiff failed to do so. His general statement that each provider will provide expert testimony about injuries, causation, and the impact of benefit denial on Plaintiff's health, final prognosis, and future earning potential is wholly devoid of any "summary of the facts and opinions" required under Rule 26(a)(2)(C).

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial."[14] This sanction for improper disclosure is automatic and is only excused if "the failure was substantially justified or is

---

[11] *Jones*, 2015 WL 6123125, at * 2 (internal quotations and citations omitted).

[12] *Id.*; *see also Cabrera v. Clark Cty. Detention Ctr.*, No. 12-cv-00918, 2015 WL 1815426, at *2 (D. Nev. April 20, 2015).

[13] Doc. 155 at p. 2.

[14] Fed. R. Civ. P. 37(c)(1).

1  harmless."[15]  It is the violating party's burden to show justification or harmlessness.[16]
2  Here, Plaintiff makes no argument to show why his failure to comply with
3  Rule 26(a)(2)(C) was justified or harmless.  Moreover, Plaintiff does not make an
4  argument that the court should craft a narrower exemption.  However, based on the
5  recently-decided motion for summary judgment, the court is aware that two of the
6  Percipient Medical Witnesses have been deposed by Defendant— Dr. Patrick Knowles
7  and Cathy Guinan MP—and thus there is support for a finding of harmlessness as to
8  these two providers as long as their expert testimony is limited to opinions that were
9  elicited during their respective depositions.

## IV. CONCLUSION

Based on the preceding discussion, Defendant's motion *in limine* at docket 136 is GRANTED IN PART and DENIED IN PART.  Except for Dr. Knowles and Ms. Cathy Guinan MP, the Percipient Medical Witnesses are precluded from offering expert testimony.  Dr. Knowles and Ms. Guinan may provide expert testimony as long as their testimony is limited to opinions elicited during their depositions.

DATED this 9th day of June 2016

/s/ JOHN W. SEDWCK
SENIOR UNITED STATES DISTRICT JUDGE

---

[15]*Id.*; *see also Goodman*, 644 F.3d at 827.

[16]*See Goodman,* 644 F.3d at 827.